**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CASE NO.:**

EVANSTON INSURANCE COMPANY,

Plaintiff,

v.

IRD REMODELING SERVICES INC.
and MICHAEL K. SMART,

Defendants.
_____________________________________/

# COMPLAINT FOR DECLARATORY RELIEF

Plaintiff EVANSTON INSURANCE COMPANY ("Evanston") files this Complaint for Declaratory Relief against Defendants IRD REMODELING SERVICES INC. ("IRD") and MICHAEL K. SMART ("Smart") and alleges:

## NATURE OF ACTION AND RELIEF SOUGHT

1. This is an action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, for a determination of what obligation, if any, Evanston has or had to defend and/or indemnify IRD for the claims asserted against it in an underlying lawsuit filed by Smart in Florida state court.

2. Evanston seeks a declaration from this Court that, because IRD materially breached the conditions contained within the Evanston insurance policy,

resulting in substantial prejudice to Evanston, any obligation Evanston may otherwise have owed to defend IRD in the underlying action or to indemnify IRD for any resulting judgment was discharged.

3. There is a bona fide actual controversy, and a present practical need for a declaration of the parties' respective rights, duties, and obligations under the policy.

4. Evanston, IRD, and Smart have an actual, present, adverse, and antagonistic interest in the subject matter of this action.

5. All parties necessary for this declaration are properly before this Court.

6. All conditions precedent to this action (if any) have been satisfied, were waived, or have occurred.

## PARTIES, JURISDICTION, AND VENUE

7. At the time of the commencement of this action and at all times material hereto, Evanston was and is an insurance company organized and existing under the laws of the State of Illinois with its principal place of business in Rosemont, Illinois.

8. At the time of the commencement of this action and at all times material hereto, IRD was and is a corporation organized and existing under the laws of the State of Florida with its principal place of business in Mulberry, Florida.

9. At the time of the commencement of this action and at all times material hereto, Smart was and is domiciled in the State of Florida and resides in the State of

Florida.

10. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00 in light of the damages claimed and judgment entered in the underlying action.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because IRD is located in this District, a substantial part of the events giving rise to this action occurred in this District, and the underlying lawsuit which is the subject of this declaratory judgment action is proceeding in a state court located in this District.

## GENERAL ALLEGATIONS

12. Evanston issued Commercial General Liability insurance policy number 3AA586059 to "IRD Remodeling Services Inc.", which provides certain coverage for the policy period of August 4, 2022 to August 4, 2023 (the "Policy"). A true and correct copy of the Policy (with confidential premium information redacted) is attached as **Exhibit 1**.

13. A lawsuit was filed on January 4, 2024 in the Sixth Judicial Circuit in and for Pinellas County, Florida captioned *Michael K Smart vs. Florida Federal Plaza*, bearing Case No.: 24-000060-C1 (the "Underlying Lawsuit"). A true and correct copy of the initial Complaint in the Underlying Lawsuit is attached as

**Exhibit 2.**

14. The Underlying Lawsuit asserted claims arising out of an alleged incident resulting in personal injuries to Smart that occurred on September 15, 2022 at a shopping center located at 850 49th St. N., St. Petersburg, FL (the "Property").

15. An Amended Complaint was filed in the Underlying Lawsuit on February 9, 2024, adding Defendants J Miles Contracting LLC, JWB Systems, LLC, IRD Remodeling Services Inc, Subway Real Estate, LLC, and MACSUB Enterprises, Inc. A true and correct copy of the Amended Complaint is attached as **Exhibit 3.**

16. IRD was served with the Amended Complaint, but did not appear or respond. On January 17, 2025, a Clerk's Default was entered against IRD. As a result of entry of the Clerk's Default, IRD admitted all well-pleaded allegations of the Amended Complaint and waived all affirmative defenses it could otherwise have asserted, including defenses of comparative fault and fault of non-parties. A true and correct copy of the Clerk's Default is attached as **Exhibit 4.**

17. Evanston was not provided notice of the Underlying Lawsuit when it was originally filed or when the Amended Complaint was filed or served on IRD, or at any time prior to entry of the Clerk's Default.

18. Evanston received a Letter of Representation from counsel on behalf of Smart dated January 17, 2025, advising of an accident that occurred on September

15, 2022 (the "Notice"). The Notice enclosed a copy of the Clerk's Default. A true and correct copy of the Notice is attached as **Exhibit 5**.

19. On January 21, 2025, Evanston issued an acknowledgement letter to IRD advising that it had received correspondence regarding this claim. A true and correct copy of the acknowledgement letter is attached as **Exhibit 6.**

20. On March 26, 2025, Evanston issued communications to IRD via email again acknowledging the Underlying Lawsuit and asking why the matter was not timely reported by IRD. The email also requested that IRD provide the work orders, contracts, any relevant certificate of insurance forms, and details as to the relationship with the other defendants in the Underlying Lawsuit. A true and correct copy of the correspondence is attached as **Exhibit 7.**

21. Evanston additionally hired Frontier Adjusters ("Frontier") to conduct an investigation and to attempt to make contact with IRD so that Evanston could investigate the claims asserted in the Lawsuit. However, Frontier was unsuccessful in obtaining a response from the insured.

22. On April 5, 2025, Frontier issued a letter to IRD via Priority Mail – Signature Confirmation and email advising that it had been attempting to reach IRD by phone but was unsuccessful and IRD's voicemail was full. A true and correct copy of the letter is attached as **Exhibit 8.**

23. Evanston reserved all rights under the Policy by letter to IRD dated

April 7, 2025. The letter requested that IRD provide the relevant documents regarding the claim including copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit". Evanston further advised IRD that if the Clerk's Default was not vacated, Evanston would be prejudiced in its ability to defend or otherwise resolve the claim, and further that if IRD did not contact Evanston and provide all of the requested information regarding the claim, IRD would be in breach of its duties under the policy and Evanston would disclaim coverage. A true and correct copy of the letter is attached as **Exhibit 9.**

24. The April 7, 2025 letter additionally advised IRD that it would attempt to defend IRD in the Underlying Lawsuit, under reservation of rights. The communication advised in part that "[t]he attorney appearing for you will require your assistance from time to time. Please provide your full cooperation to your attorney."

25. On April 29, 2025, Evanston issued an additional letter to IRD advising that the Special Investigation Unit was investigating the claim for anti-fraud and requested various documentation from IRD as well as an interview. A true and correct copy of the letter is attached as **Exhibit 10.**

26. Smart's counsel did not agree to vacate the Clerk's Default, and due to noncooperation from IRD, lack of communication, and inability to locate the insured, defense counsel retained by Evanston was unable to file a motion to vacate

the Clerk's Default.

27. Defense counsel attempted to contact IRD and protect IRD's interests in the Underlying Lawsuit, but was hamstrung by IRD's lack of cooperation, and therefore Evanston was forced to withdraw the defense. On October 13, 2025, defense counsel for IRD filed a motion to withdraw as counsel due to IRD's lack of cooperation leading to their inability to defend the claim or file a motion to vacate the Clerk's Default. This motion was granted on January 20, 2026.

28. Following withdrawal of defense counsel, the Underlying Lawsuit proceeded to a jury trial on damages only against IRD, as all other defendants had settled with Smart. On May 18, 2026, the jury returned a verdict of $1,000,000 in favor of Smart. A true and correct copy of the verdict is attached as **Exhibit 11.**

29. On May 28, 2026, a judgment was entered against IRD, and an amended judgment was entered on September 4, 2026. A true and correct copy of the judgments are attached as **Exhibit 12.**

30. Throughout the investigation of the claim, and to date, IRD has never provided notice to Evanston of this occurrence, offense, claim or suit, responded to any communications at all during the claim process, communicated with Evanston, Frontier, or defense counsel, or otherwise cooperated with Evanston in its investigation and defense of the Underlying Lawsuit.

## COUNT I – DECLARATORY RELIEF – COOPERATION

Evanston realleges and incorporates by reference the allegations in paragraphs 1-30 above as if fully stated herein.

31. The Policy contains the following conditions:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

* * *

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

* * *

**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

(1) How, when and where the "occurrence" or offense took place;
(2) The names and addresses of any injured persons and witnesses; and
(3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.** If a claim is made or "suit" is brought against any insured, you must:

(1) Immediately record the specifics of the claim or "suit" and the date received; and
(2) Notify us as soon as practicable.

You must see to it that we receive written notice as soon as practicable.

**c.** You and any other involved insured must:

* * *

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit" …

* * *

32. Each independent act or omission by IRD, and especially the cumulative effects of such acts and omissions, including those described herein, amounts to a failure to cooperate with Evanston in the investigation of the claim and defense of the Underlying Lawsuit.

33. As a result of IRD's breaches of the Policy conditions, IRD was subject to a jury trial with liability against it already established (by default) and all affirmative defenses waived (by default), resulting in a $1,000,000 verdict.

34. Although not required by the Policy, Evanston nonetheless exercised diligence and good faith in attempting to bring about IRD's compliance with the cooperation required by the Policy.

35. IRD never reported the incident, claim, or Underlying Lawsuit to Evanston.

36. The untimeliness of notice by the Underlying Plaintiff, coming only after default was entered, creates a presumption that Evanston was prejudiced.

37. IRD's failure to provide notice and failure to cooperate constitutes a material breach of the Policy and materially prejudiced Evanston in defending IRD.

38. Therefore, any obligation Evanston may otherwise have owed to defend IRD in the Underlying Lawsuit or to indemnify IRD for any resulting judgment was discharged as a result of IRD's failure to comply with the policy's conditions. Evanston was therefore entitled to withdraw from IRD's defense and has no duty to

indemnify IRD for the final judgment, amended final judgment, or any other judgment entered against IRD in the Underlying Lawsuit.

**WHEREFORE**, Plaintiff EVANSTON INSURANCE COMPANY respectfully prays for judgment as follows:

a. finding and declaring that Evanston has no duty to indemnify IRD for any judgment entered against it in the Underlying Lawsuit;

b. finding and declaring that any obligation Evanston may otherwise have owed to defend IRD in the Underlying Lawsuit was discharged;

c. awarding Evanston the costs of this suit pursuant to Section 57.041, Florida Statutes; and

d. awarding such other and further relief as the Court deems just and proper.

Dated this 27th day of October, 2026.

Respectfully submitted,

*/s/ Jedidiah Vander Klok*

Kristen D. Perkins, Esq.
Fla. Bar No. 611816
Kennedys CMK LLP
100 Southeast 3rd Avenue, Suite 806
Fort Lauderdale, FL 33394
(305) 371-1111
kristen.perkins@kennedyslaw.com
KDPservice@kennedyslaw.com

Jedidiah Vander Klok, Esq.
Fla. Bar No. 84766
Kennedys CMK LLP
1111 Brickell Avenue, Suite 1300
Miami, FL 33131
(305) 371-1111
jedidiah.vanderklok@kennedyslaw.com
JVKservice@kennedyslaw.com

*Attorneys for Plaintiff*
*Evanston Insurance Company*